**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:19CV-00419-GNS**

TAE-AHN LEA                                                                                                                    PLAINTIFF

VS.

KEVIN CRAWFORD                                                                                                          DEFENDANT

## ORDER FOR SETTLEMENT CONFERENCE

A settlement conference in this action is set for **November 10, 2022 at 10:00 a.m.** Eastern Standard Time to be conducted via Zoom™ video conference. **Counsel are directed to review the entirety of this Order.**

### I. Confidential Settlement Statement

Each party shall submit a **confidential** settlement statement to the Magistrate Judge by e-mail to Ashley_henry@kywd.uscourts.gov at least seven (7) court days prior to the conference. The settlement statement shall contain:

(a) specific recitation of the facts;

(b) summary of the applicable law;

(c) discussion of strengths and weaknesses of the case;

(d) the party's position on settlement, including **a present settlement proposal** and a detailed calculation of damages; and

(e) a report of settlement efforts to date.

If not already part of the court file, copies of any critical agreements, business records, photographs, or other documents or exhibits shall be attached to the settlement statement.

The settlement statement should not be lengthy but should contain enough information to be useful to the Magistrate Judge in analyzing the factual and legal issues of the case. The parties are directed to be **candid** in their statements as these statements **will be used exclusively by the Magistrate Judge** to prepare for and conduct the settlement conference. The settlement statement shall not be filed with the Clerk and copies of the statement shall not be provided to other parties in the case. A party's failure to timely submit its conference statement may result in the mediation being rescheduled, with the party responsible to bear all associated costs.

## II. Conference Participation

Lead counsel who will actually try the case must attend the conference in person. Each party, armed with full discretion, shall also attend in person. If a corporation or other collective entity is a party, a duly authorized party representative shall be present. The party representative must have **full settlement authority,** meaning he or she must be fully authorized to approve a settlement and must have authority to change the party's valuation of the case and settlement posture during the course of the conference. If a party representative has a limit, or "cap" on his or her authority, or requires telephone consultation with the corporate office, this requirement is not satisfied.[1] **Do not fail to bring your client/or a fully authorized client representative to the settlement conference.**

## III. Scheduling

Counsel should allow a *minimum* of four hours for the settlement conference. It is possible that the Magistrate Judge may be interrupted by short criminal hearings, but the settlement conference will continue throughout the day until concluded. Requests to reschedule a previously-scheduled settlement conference must be made by written motion filed with the Court at least ten (10) days prior to the originally scheduled date, except in those rare instances that involve an unanticipated emergency. In such extraordinary circumstances, the affected counsel shall arrange with opposing counsel to contact Judge Edwards' case manager to immediately request a new date. The Magistrate Judge reserves sole discretion to determine whether circumstances justify rescheduling a previously chosen date.

## IV. Special Circumstances and *Ex Parte* Communications

If a party believes that special circumstances justify an exception to any part of this Order, counsel for that party must contact Judge Edwards' chambers by e-mail at Ashley_henry@kywd.uscourts.gov at least seven (7) days before the date of the scheduled conference. The Magistrate Judge will only grant an exception to this Order for extraordinary circumstances. No exception will be effective until it has been approved by the Court.

---

[1] *See, e.g., Holly v. UPS Supply Chain Solutions, Inc.*, 3:13-CV-980-DJH-CHL, DN 38 (W.D. Ky. Mar. 27, 2015) (Imposing sanctions for appearing at settlement conference with representative who had to "call the home office" to obtain variance from a predetermined cap on authority in violation of the settlement conference order.).

All counsel are advised that the Magistrate Judge may conduct *ex parte* **calls** in advance of the settlement conference regarding attendance at the conference, the party's valuation of the case, and other matters related to settlement only.

V. Specific Provisions Regarding Zoom

1.      Meeting Link.  All persons attending the settlement conference shall do so through use of a link to a Zoom meeting to be provided by the undersigned's Chambers no later than forty-eight hours before the scheduled conference.  The undersigned's Chambers will provide the Zoom meeting link and information to counsel of record, who shall be responsible for forwarding it to the attendee(s) for his or her client.  Neither counsel of record nor any attendee shall provide or otherwise share the meeting link with any person who is not attending the settlement conference pursuant to Part II above.  If a participant is disconnected during the settlement conference, they may rejoin the conference at any time via the Zoom meeting link provided.

2.      Technological Capability.  All persons shall attend the settlement conference via video.  The Zoom conference should be accessible from any Apple or Android mobile device or any Windows or macOS computer that is or can be equipped with both a web cam and a microphone.  However, no party may participate through use of a Chromebook or device running Chrome OS.  The participants are responsible for ensuring that they have access to a device with these capabilities, including a webcam.  If an attendee does not have access to a device with these capabilities, they shall contact the undersigned's Chambers as set forth above immediately to see if other arrangements can be made for their participation.  Though the settlement conference is scheduled to begin as set forth above, the Zoom meeting link will open thirty minutes prior to the settlement conference.  All participants shall log on in sufficient time prior to the start of the settlement conference to ensure that they are able to successfully access the meeting and that their web cam and microphone are functioning normally.

3.      Name.  When a participant logs on to Zoom, he or she will be provided with an opportunity to enter his or her name.  The participant should enter both his or her name and role (e.g. counsel for plaintiff, plaintiff, defendant's representative, etc.) in the space provided.

4.      Attendance from Home.  Though the undersigned is conducting the settlement conference via Zoom, counsel and all participants are advised to behave as though the settlement conference is being conducted in-person at the courthouse.  However, the undersigned understands that given COVID-19 and the realities of working from home, the participants may be juggling

3

attendance at the settlement conference with other responsibilities, including care for children or other family members.  All attendees should strive to ensure that they can be generally present for the duration of the settlement conference while juggling these other responsibilities and should advise the undersigned's Chambers prior to the settlement conference if they foresee any problems.

**IT IS SO ORDERED.**

Copies:          Counsel of Record